UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-01848-SEB-MJD |
| | ) | |
| EDWARD L. CALVERT, | ) | |
| KEVIN CALVERT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER STAYING PROCEEDINGS**

This cause is before the Court on Defendants Kevin Calvert and Edward Calvert's Motions to Dismiss or in the Alternative, Motions to Stay [Docket Nos. 20 and 26] filed on January 31, 2014 and February 6, 2014, respectively. For the reasons set forth below, the Motions to Dismiss are **DENIED** and the proceedings in this matter are **STAYED**.[1]

### I. Factual and Procedural Background

The National Labor Relations Board ("NLRB" or "Board") issued an order in 2005 against E.L.C. Electric Inc. ("ELC") finding that ELC laid off 16 employees in retaliation for its employees' union activities in violation of the National Labor Relations Act ("NLRA"). Complaint ¶ 7. At that time, Defendant Edward Calvert ("Edward") was president and sole owner of ELC. *Id.* In November 2012, the Board issued a supplemental decision and order

---

[1] The Court sua sponte issues this Order to Stay and does not base its decision on the Defendants' request for a stay. Defendants request to stay rests on two premises: 1) the Court should stay proceedings pending the Supreme Court ruling of *Noel Canning v. NLRB*, 705 F.3d 490, 506-07 (D.C. Cir. 2013), cert. granted, 133 S.Ct. 2861 (2013); and 2) Edward Calvert filed for Chapter 7 Bankruptcy and is entitled to an automatic stay. As discussed below, the Supreme Court has issued a ruling in *Noel Canning*, rendering that issue moot. Defendants request for automatic stay fails pursuant to 11 U.S.C. § 362 (b)(4) which grants an exception to the automatic stay provision to government agencies enforcing its police or regulatory power. *N.L.R.B v. P*I*E Nationwide, Inc.*, 923 F.2d 506, 511-12 (7th Cir. 1991).

("Board Order II") finding Edward to be personally liable for the backpay award, in addition to other respondents, in the amount of $435,382. ¶ 12. In May 2013, the Board filed a petition for enforcement of Board Order II in the Seventh Circuit pursuant to 29 U.S.C. 160(e). ¶ 13. Shortly after filing the petition, the Board modified Board Order II.[2] *Id*. The Board then moved for the Seventh Circuit to enforce Board Order II as modified which was granted in July 2013. ¶¶ 14-15. The judgment was registered in the Southern District of Indiana in October 2013. *National Labor Relations Board v. E.L.C. Electric Inc.*, No.1:13-mc-00117-JMS-DML (S.D. Ind. Oct. 1, 2013).

The NLRB now brings suit in this Court against Edward and his son Kevin Calvert under the Fair Debt Collection Procedures Act alleging that Edward has fraudulently transferred his assets to Kevin in order to avoid paying the backpay award. ¶¶ 16-17. The NLRB requests that this Court void the transfers and find Kevin to be jointly and severally liable on the backpay award or, in the alternative, that Kevin be found to be separately liable. ¶¶ 19-20.

Kevin and Edward have each moved to dismiss the Complaint on the ground that, at the time Board Order II and its modified order were issued, the Board lacked a quorum because three of the five board members were appointed by the President in violation of the Constitution's Recess Appointments Clause.[3] Thus, Defendants argue, the Board's orders were invalid due to lack of jurisdiction and authority and any judgments arising from the invalid orders are void. The NLRB does not dispute the fact that at the time the Board's orders were

---

[2] The modification did not have any significant effect on these proceedings.
[3] The NLRB consists of a five member board. 29 U.S.C. § 153(a). The members are appointed by the President and confirmed by the Senate. *Id*. The Board must consist of at least three members to have a quorum to exercise its powers and issue orders. 29 U.S.C. § 153(b); *NLRB v. Noel Canning*, 134 S.Ct. 2550, 2557. Among the three members to issue Board Order II and its amended order was Richard Griffin, Jr. 359 NLRB No. 20 (Nov. 8, 2012); 359 NLRB No. 44 (Dec. 18, 2012). Griffin was one of three people appointed to the NLRB by President Obama on Jan. 4, 2012, pursuant to the Recess Appointments Clause, while the Senate was in a 3-day recess. *Noel Canning*, 134 S.Ct. at 2556-2557. The Supreme Court held that three days was not long enough to trigger the Recess Appointments Clause, invalidating the appointments, and thus the Board lacked a quorum when the decisions were made. *Id*. At 2557.

issued, the Board lacked quorum. However, the NLRB argues that they have a valid judgment by virtue of the Seventh Circuit's enforcement of the Board orders and Defendants' collateral attack on the judgment violates principles of res judicata.

## II.     Discussion

Rather than petitioning the Seventh Circuit to vacate its judgment, Defendants instead ask this Court, by way of their motions to dismiss, to declare the underlying Board II orders void. Defendants' basis for that argument is rooted in the recent Supreme Court decision of *N.L.R.B. v. Noel Canning*, 134 S.Ct. 2550 (2014). In that case, the Supreme Court found that the President's recess appointments were not valid under the Recess Appointments Clause, thus the Board lacked a quorum to make and enforce decisions. *Id.*; *see also New Process Steel, L.P. v. NLRB*, 560 U.S. 674, 687-688 (2010) (finding that in the absence of a lawfully appointed quorum, the Board cannot exercise its powers).

The recess appointments at issue in *Noel Canning* are the same appointments made in the case at bar and thus there is no denying that the Board lacked the necessary quorum to issue the orders. The lack of a quorum is not being challenged by the NLRB. The NLRB argues that *Noel Canning* does not have any bearing on this case since the only judgment at issue is the one entered by the Seventh Circuit. The Court agrees.

The NLRA sets forth procedures for judicial enforcement and review of NLRB orders and decisions. 29 U.S.C. § 160(e), (f). It vests original jurisdiction in the Courts of Appeals. *Id*. A district court may have jurisdiction over Board orders in exceptionally rare circumstances: 1) if the Court of Appeals is in vacation; or 2) "to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." *Grutka v. Barbour*, 549 F.2d 5, 8 (7th Cir. 1977) (quoting *Leedom v. Kyne*, 358 U.S. 184, 188 (1958) (internal quotations

omitted)). While it may appear as though the Court may act under the second prong, case law is limited to circumstances where the Court of Appeals has not already acted. *See id.*; *Squillacote v. Int'l Bhd. Of Teamsters*, *Local 344*, 561 F.2d 31, 31-36 (7th Cir. 1977).

Case law provides little guidance on how the Court should proceed when it appears to the district court that a judgment entered by the Seventh Circuit may be void. In its research, the Court found cases where the district court ignored a directive from the Court of Appeals after an intervening Supreme Court decision would have otherwise invalidated the Court of Appeals ruling.[4] *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 795-96 (7th Cir. 2005); *see also MercExchange, L.L.C. v. eBay, Inc.*, 660 F.Supp.2d 653, 665 (E.D. Va. 2007). However, these cases are limited to circumstances where the district court had original jurisdiction to hear the case, the Court of Appeals reversed the district court's ruling and the case was remanded to the district court for further proceedings. *Id*.

The Federal Rules of Civil Procedure also grant district courts the power to vacate a judgment if it is void. Fed. R. Civ. P. 60(b)(4). Judgments can be deemed void by way of collateral attack if the issuing court lacked subject matter jurisdiction. *Margoles v. Johns*, 660 F.2d 291, 295 (7th Cir. 1981); *U.S. v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316-17 (7th Cir. 1995); *compare to U.S. v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("a lack of subject matter jurisdiction will not always render a final judgment 'void'"). Again, the Court has not found a case where a district court has declared a judgment from a Court of Appeals void.

Assuming *arguendo* that this Court had the authority to void a judgment from the Seventh Circuit, the Court is not convinced that the Seventh Circuit judgment is void as it has not

---

[4] The Court notes that there was very little discussion in the parties' briefs regarding this Court's power to void or overturn a judgment issued by a Court of Appeals.

been demonstrated that the Seventh Circuit lacked subject matter jurisdiction to review the Board's orders. Subject matter jurisdiction is conferred to the Seventh Circuit by statute and it is for the Seventh Circuit to decide whether the Board exceeded its authority in issuing its orders. 29 U.S.C. § 160(e), (f). The statute is clear: relief from a final order of the Board must be had in the Court of Appeals. 29 U.S.C. § 160(f). The jurisdiction of the Court of Appeals is "*exclusive*" and its judgment and appeal shall be "*final*." 29 U.S.C. § 160(e) (emphasis added). Thus, the Court cannot find a reason to declare the judgment entered by the Seventh Circuit void.

The Court also notes that no attempt was made in the Seventh Circuit to challenge the court's jurisdiction or the validity of the Board's orders either during its pendency before the court or after judgment was entered.[5] *NLRB v. E.L.C. Electric, Inc.*, No. 13-1952 (7th Cir. July 23, 2013). Both the NLRB and Edward Calvert have incentive to petition the Seventh Circuit for relief from its judgment. Naturally, for Edward, the incentive would be to vacate the judgment and prevent the NLRB from enforcing and collecting upon that judgment in this proceeding. For the NLRB, it would be to petition the Seventh Circuit to vacate the judgment and remand the case back to the Board to properly issue a valid order for enforcement and expeditiously proceed against Defendants. *See Dresser-Rand Co. v. N.L.R.B.*, No. 12-60638, 2014 WL 3611854 (5th Cir. 2014) (granting the NLRB's petition to vacate the unconstitutionally constituted Board decision and remand to the Board for further proceedings). Continuing to fight a clearly invalid Board order only serves to delay the inevitable: that the Board should enter a new order which may be enforced in this Court and the Seventh Circuit. While this Court cannot predict the outcome in the Seventh Circuit, there is a strong likelihood that it will void its own judgment. *See Big Ridge, Inc. v. N.L.R.B.*, 561 Fed. App's 563 (7th Cir. 2014) (following the decision of

---

[5] The Court recognizes that Kevin Calvert was not a party to either the Board proceedings or proceedings before the Seventh Circuit.

*Noel Canning*, the Seventh Circuit denied the Board's petitions for enforcement of invalid orders). Without clear direction from the Court of Appeals extending the authority to the district court to void its judgment, this Court will not trample on the purview of the Seventh Circuit.

### III. Conclusion

Accordingly, Defendants' Motions to Dismiss [Docket Nos. 20 and 26] are **DENIED**. The Court hereby orders Defendants to seek relief of Board Order II as modified from the Seventh Circuit within 45 days from the date of this Order. The Court directs the Clerk to administratively close this case pending further order of the Court.

Date: 9/19/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EDWARD L. CALVERT
1406 Harmony Trail
Greenfield, IN 46140

Bernard Lowell Pylitt
KATZ & KORIN P.C.
bpylitt@katzkorin.com

William J. Brinkerhoff
KATZ & KORIN P.C.
BBrinkerhoff@katzkorin.com

Helene Debra Lerner
NATIONAL LABOR RELATIONS BOARD
helene.lerner@nlrb.gov

Joanne Catherine Mages
NATIONAL LABOR RELATIONS BOARD
joanne.mages@nlrb.gov

Rebekah Ramirez

NATIONAL LABOR RELATIONS BOARD
rebekah.ramirez@nlrb.gov

William G. Mascioli
NATIONAL LABOR RELATIONS BOARD
bill.mascioli@nlrb.gov

Jessica Rutter
NATIONAL LABOR RELATIONS BOARD -- DC
jessica.rutter@nlrb.gov